**St. Clair E. MILLER, Plaintiff-Appellant,**

v.

**Hyman PLEASURE, M.D., as Superin-
tendent of Middletown State Hospital,
Middletown, New York, Defendant-Ap-
pellee.**

No. 14, Docket 26931.

United States Court of Appeals
Second Circuit.

Submitted Nov. 1, 1961.

Decided Nov. 21, 1961.

St. Clair E. Miller, plaintiff-appellant, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, Irving Galt, Asst. Sol. Gen., and John J. O'Grady, Asst. Atty. Gen., New York City, for defendant-appellee.

Before CLARK, HINCKS, and FRIENDLY, Circuit Judges.

PER CURIAM.

This is an appeal from Judge Sugarman's order which allowed appellant to prosecute his pending action for false imprisonment *in forma pauperis,* but declined to assign counsel for his assistance. Appellant attempts to name the United States of America as appellee; while this has no bearing on the ultimate outcome of the appeal, we see no reason for this, as the government has never been cited as a party and has no apparent interest in the case. Of course it has no liability for counsel assigned pursuant to the statute, 28 U.S.C. § 1915 (d). A further preliminary question concerns the appealability of the order. Defendant contends that it is not a "final decision" in the action below within the meaning of 28 U.S.C. § 1291, granting jurisdiction on appeal. Roberts v. U. S. Dist. Court for the Northern Dist. of Cal., 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326, holds an order denying leave to proceed *in forma pauperis* to be appealable; but the defendant points to a distinction that, while the present order leaves the action pending for personal or legal aid prosecution by the plaintiff, the other denial would prevent the party from even filing his papers in court. There is a distinction and the question appears close; but the Supreme Court does not suggest any limitation and the practical effect in each case seems fairly similar. We resolve the doubt in appellant's favor by holding this appealable as a collateral order within the meaning of Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206, 19 A.L.R.2d 630, and Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L. Ed. 1528.

For some years and in various proceedings the appellant has attempted to get support and assistance for his claim for damages for having been committed to a state mental institution while allegedly sane. In Miller v. Director, Middletown State Hospital, Middletown, N. Y., D.C.S.D.N.Y., 146 F.Supp. 674, Judge Kaufman held the present defendant immune from suit; and we affirmed, 2 Cir., 243 F.2d 527, while denying his request for counsel. Since then at least four district judges have denied his various applications, one of them after receiving a report from a member of the bar whom he had named to investigate the matter. In addition we have the same claim made in his action against his wife which we are denying in Miller v. Miller, 2 Cir., 296 F.2d 283, filed with our decision herein. The provision for assignment of counsel, 28 U.S.C. § 1915 (d), clearly leaves the power discretionary with the judge—at least in a civil case—and even provides for dismissal if he is satisfied that the action is frivolous or malicious. See Reid v. Charney, 6 Cir., 235 F.2d 47; Taylor v. Steele, 8 Cir., 194 F.2d 864, certiorari denied 343 U.S. 973, 72 S.Ct. 1080, 96 L.Ed. 1367;

Ligare v. Harries, 7 Cir., 128 F.2d 582. In this it is in contrast with the more mandatory provisions of 28 U.S.C. § 1915(a), where leave to proceed *in forma pauperis* should be granted on a proper showing unless the action is frivolous. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. Here we can see no abuse of discretion by the judge. The chances of any measure of success for the plaintiff's claims are so highly dubious that a judge cannot properly ask a member of the bar to assume this thankless burden. In addition to the defense sustained by Judge Kaufman there appear to be other defenses arising from the apparent regularity of the state proceedings and the running of the statute of limitations.

Affirmed.