John T. SPANOS, Appellant,

v.

PENN CENTRAL TRANSPORTATION COMPANY, Appellee.

No. 72–1030.

United States Court of Appeals, Third Circuit.

Submitted Nov. 2, 1972.

Decided Dec. 12, 1972.

John T. Spanos, pro se.

John K. Clements, Pittsburgh, Pa., for appellee.

Before FORMAN, ADAMS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

John T. Spanos, Appellant, filed charges with the Equal Employment Opportunity Commission prior to October 6, 1971. On that date the Commission notified him by letter that in accordance with Section 1601.25a(c) of its Rules and Regulations he could, within 30 days of its receipt, institute a civil action in the appropriate District Court. Accordingly, on November 1, 1971, he presented a complaint[1] to the United States District Court for the Western District of Pennsylvania pursuant to 42 U.S.C. § 2000e–5(e), seeking leave, among other things, to prosecute it without payment of fees and costs. He accompanied the complaint with a petition for the appointment of counsel, likewise provided in 42 U.S.C. § 2000e–5(e).[2] The complaint was also accompanied by the affidavit of Mr. Spanos, in which he deposed that he was without funds and that "he does not have the time or the means available within the thirty (30) day time limit . . . to seek out an attorney who might be willing to take the case without the payment of a retainer on the prospect of winning and being awarded a fee by the Court."

In its memorandum on the petition, the District Court observed that it was "reluctant to be obligated to any attorney by requesting him to voluntarily accept such an appointment until such time as it becomes obvious that an individual has presented a meritorious claim which he cannot adequately pursue pro se." Accordingly, an order was entered on November 9, 1971 directing the Clerk of the District Court to file the complaint without payment of fees, costs or security and instructing the United States Marshal to make service at the expense of the United States. It denied the petition for the appointment of counsel without prejudice "to be renewed at such time as it appears that the petitioner has presented a meritorious claim which he cannot adequately pursue pro se."

■■ Mr. Spanos then filed this appeal. It deals solely with alleged error committed by the District Court in denying his petition for the appointment of counsel. The question of the appealability of the order as final was not raised by the parties, but we consider it appropriate to deal with it in the margin.[3]

1. "Complaint
"This is a proceeding pursuant to TITLE VII of the Civil Rights Act of 1964. Penn Central Railroad has discriminated against me by reason of my race (Caucasian) national origin (American) and my religion. Penn Central has also discriminated against women employees by paying men higher rates of pay for comparable jobs. I have fulfilled all jurisdictional pre-requisites to this suit."

2 The pertinent part of which is:
"Upon application by the complainant and in such circumstances as the court may deem just, the court *may* appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." (Emphasis added.)

3. The finality of an order for the purpose of appeal as in the instant case was considered in Miller v. Pleasure, 296 F.2d 283 (2 Cir. 1961). There the court dealt with 28 U.S.C. § 1915(d), which provides for the appointment of counsel for indigent litigants in civil actions generally. For the purpose at hand, the effect of that statutory provision and the one in this case is the same. The court held the collateral issue raised by the order denying counsel to be appealable, notwithstanding the fact that the right to proceed *in forma pauperis* had been granted, citing as authority Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950) and Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Cohen v. Beneficial Loan Corp. dealt with a stockholder derivative action in which Beneficial petitioned that Cohen be required to give security for its reasonable expenses, including counsel fees pursuant to the requirement of a New Jersey Statute (Ch. 131 New Jersey Laws of 1945) in the event Cohen failed to make good his complaint. Among other things, the Court held that the order denying such an ap-

Coming then to the substantive question before us, Mr. Spanos made no representation in his petition that he had attempted to enlist the aid of counsel, a burden certainly placed upon him, as did the petitioner in Petete v. Consolidated Freightways.[4] Although Mr. Spanos had nearly thirty days in which to make such an effort he passed the matter over with the casual comment that he "did not have the time or the means available within the 30-day time limit . . . to seek out an attorney."[5] Considering the fact he was unemployed during the time in question, he cannot justifiably impose this duty upon the court.

The complaint of Mr. Spanos subsists in accordance with the District Court's order. Indeed, it has been answered by the Penn Central Transportation Company and the suit is at issue. Mr. Spanos can pursue it pro se in accordance with the Court's order.

The disposition of the petition was well within the discretion of the District Court and nothing in the way of abuse thereof has been shown or even alleged.

Insofar as the order of the District Court of November 9, 1971, denies the petition of Mr. Spanos for the appointment of counsel, it will be affirmed.

---

plication was appealable because it "appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute [28 U.S.C. § 1291] this practical rather than a technical construction. [Cases cited]

"We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. . . ." 337 U.S. pp. 546, 547, 69 S.Ct. p. 1225.

So, too, in our case the alleged right of Mr. Spanos to the appointment of counsel is not an ingredient of the cause of action and does not require consideration with it.

The question of appealability has had substantial consideration recently in this court in two cases which demonstrate its disposition not to grant appeals indiscriminately "lest the court find itself reviewing more 'collateral' than 'final' orders." See Hackett v. General Host, 455 F.2d 618, 624, n. 13, (1972); Borden Co.

v. Sylk, 410 F.2d 843, 846 (1969). But cf. Greene v. Singer, 461 F.2d 242 (1972) in which, as in the instant case, appeal was allowed.

It is true that the denial of the petition was accompanied by the condition that it was without prejudice, to be renewed at such time as it appears that the petitioner has presented a meritorious claim which he cannot adequately pursue pro se. But this does not detract from the finality of the District Court's disposition as has been held in analogous situations. See The Farmers' Loan & Trust Co., Petitioner, 129 U.S. 206, 9 S. Ct. 265, 32 L.Ed. 656 (1889) citing French v. Shoemaker, 12 Wall. 86, 79 U.S. 86, 20 L.Ed. 270 (1870); American Engineering Co. v. Metropolitan By-Products Co., 275 F. 40 (2 Cir. 1921). Hence we hold the order of the District Court denying the appointment of counsel final and appealable.

4. 313 F.Supp. 1271 (N.D.Tex., Dallas Div., 1970). See also Green v. Cotton Concentration Company, 294 F.Supp. 34 (S.D. Tex., Galveston Div., 1968); Petition of Ramirez, 282 F.Supp. 663 (S.D.Tex., Houston Div., 1968).

5. App. p. 3.