**Leona HUDAK, Appellant,**

v.

**CURATORS OF the UNIVERSITY OF MISSOURI, Patrick D. Kelly, William Anderson, Roger Bern, Guinn Bronson, Norman Crandell, Robert Freilich, Rudolph Heitz, Frederick Hess, Elmer Horseman, Jr., James Jeans, Edwin T. Hood, Robert Popper, John Surlock, Lewis Solomon, John Speca, Patricia Batenic, Gary E. Widmar, Wesley Dale, James Olson, Marvin Wright, Mrs. Richard Berkmeyer, John Dalton, Irvin Fane, Richard L. Fisher, C. R. Johnston, Pleasant Smith, Wallace R. Stacey, Rex Z. Williams, Van O. Williams, Appellees.**

No. 78–1310.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1978.

Decided Nov. 15, 1978.

Leona M. Hudak, pro se.

Jackson A. Wright, Columbia, Mo., and Robert L. Driscoll of Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for appellees.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Leona M. Hudak instituted this suit against the Curators of the University of Missouri, the Dean and certain faculty members of the School of Law, and various other university officials, seeking injunctive relief. A former assistant professor of law at the university, Hudak alleged that termination of her employment, low salary and various acts of harassment were due to discrimination based on her sex, age, religion and ethnic heritage. She claimed violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.; the first, fourth, fifth, thirteenth and fourteenth amendments to the United States Constitution; the Missouri Constitution; and various federal and state statutes.

After discovery was nearly complete and three attorneys retained by Hudak had withdrawn, Hudak moved for leave to proceed in forma pauperis and for appointment of counsel to represent her under 28 U.S.C. § 1915(d) and 42 U.S.C. § 2000e–5(f)(1).[1] The court granted her in forma pauperis status, but declined to appoint counsel. She appeals the denial of counsel, various orders sustaining defendant's objections to certain of her interrogatories and a protective order providing that she return to defendants certain exhibits after their use in the trial and not use them in other cases.

■ The latter two rulings relate to conduct of the trial and to discovery matters, and as such are not appealable as final decisions under 28 U.S.C. § 1291. *See Grinnell Corp. v. Hackett,* 519 F.2d 595 (1st Cir.), *cert. denied sub nom. Chamber of Commerce v. United Steelworkers,* 423 U.S. 1033, 96 S.Ct. 566, 46 L.Ed.2d 407 (1975); *Gialde v. Time, Inc.,* 480 F.2d 1295 (8th Cir. 1973); *Childs v. Kaplan,* 467 F.2d 628 (8th Cir. 1972).[2]

■ We have held that denial of appointment of counsel is appealable under 28 U.S.C. § 1291 as a final collateral order on the basis that the harm it may cause can be irreparable on appeal of the final judgment. *Peterson v. Nadler,* 452 F.2d 754 (8th Cir. 1971); *cf. Scott v. Chief of Police,* 492 F.2d 1310 (8th Cir. 1974).[3] The record reflects here that Hudak is indigent, but it also appears that the case is one in which a contingent fee arrangement is feasible, and three attorneys have previously taken her case. More significantly, Hudak is a lawyer and a former professor of law, with an advanced legal degree. As the district court noted, her control over the details of the litigation thus far indicates that she is able to represent herself. Furthermore, while she is not residing in the forum state, the district court noted that the discovery phase of the lawsuit is already completed.

---

1. 28 U.S.C. § 1915(d) provides: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

    42 U.S.C. § 2000e–5(f)(1) provides in part: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

2. Even if the orders were reviewable, we note that the notices of appeal were filed long after expiration of the 30 day period set forth in Rule 4(a) of the Federal Rules of Appellate Procedure. The notice of appeal was filed on April 17, 1978. The discovery orders were entered in January of 1978; the protective order was entered in January of 1977.

3. *Accord, Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir. 1977) (42 U.S.C. § 2000e–5); *Spanos v. Penn Central Trans. Co.,* 470 F.2d 806, 807 n.3 (3d Cir. 1972); *Miller v. Pleasure,* 296 F.2d 283 (2d Cir. 1961), *cert. denied,* 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).

We find under the facts and existing circumstances that the district court did not abuse its discretion in denying the appointment of counsel.

The order of the district court is affirmed.