**Excell JONES, Plaintiff-Appellant,**

v.

**WFYR RADIO/RKO GENERAL,**
**Defendants-Appellees.**

No. 79–2135.

United States Court of Appeals,
Seventh Circuit.

Argued April 8, 1980.

Decided July 22, 1980.

Janet M. Koran, Chicago, Ill., for plaintiff-appellant.

Lawrence I. Kipperman, Sidley & Austin, Chicago, Ill., for defendants-appellees.

Before SWYGERT, BAUER and CUDAHY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Excell Jones filed a *pro se* complaint against defendant-appellant WFYR Radio/RKO General charging a continuing course of race discrimination against her. Jones sought equitable and other relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g) (1976). She appeals the district court's order denying her motion for appointment of counsel.* We vacate and remand.

Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42

---

* An order denying appointment of counsel is appealable under 28 U.S.C. § 1291. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1308 (5th Cir. 1977).

U.S.C. § 2000e–5(f)(1), empowers the district court to appoint an attorney to represent a plaintiff without charge "in such circumstances as the court may deem just." Section 706(f) thus confers discretion on the district court to appoint counsel.

Several circuits have enunciated standards for the appointment of counsel under Title VII, although this circuit has not heretofore. In *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305 (5th Cir. 1977), the Fifth Circuit articulated three factors to be weighed by the district court: the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel. The court emphasized that its intent was not to saddle a plaintiff with formalized requirements but that the factors were "simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Id.* at 1310.

Applying those factors in *Luna v. Int'l. Assn. of Machinists & Aerospace Workers Local # 36*, 614 F.2d 529 (5th Cir. 1980), the Fifth Circuit found an abuse of discretion in the lower court's refusal to appoint counsel. Luna received a right-to-sue letter from the EEOC for a disparate treatment claim. He also contacted four attorneys and listed particular reasons why they would not take his case. He further reported a monthly income of only $534 and listed "meager assets." The court concluded that Luna had satisfied each factor of *Caston.*

Other circuits have applied the same standards. In *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972), the Sixth Circuit upheld an order denying the appointment of counsel because the plaintiff was gainfully employed and because the district court had reviewed the detailed findings of the EEOC concerning the merits of the plaintiff's case. In *Spanos v. Penn Central Transportation Co.*, 470 F.2d 806 (3d Cir. 1972), the denial of counsel was affirmed because the plaintiff made no showing that he tried to obtain counsel. And in *Hudak v. Curators of University of Missouri*, 586 F.2d 105 (8th Cir. 1978), the

court found no abuse of discretion in refusing to appoint counsel for a former law professor who, although indigent, had already been represented by three attorneys.

The record here showed that Jones contacted more than thirty lawyers over a two month period while attempting to secure representation. None of them agreed to do so, ostensibly because Jones was unable to pay attorneys fees.

Jones also submitted an affidavit indicating that she was unemployed and owned no property except an automobile. At a later hearing, Jones stated that she had sold the car to pay rent.

■ Jones filed a charge with the EEOC and received a notice of right to sue. The Commission dismissed her charge because it found "no reasonable cause . . . to believe that the allegations made in [her] charge [were] true." We agree with the Fifth and Sixth Circuits that an EEOC finding of no probable cause alone is insufficient to justify the denial of a request for appointed counsel. *Luna v. Int'l. Assn. of Machinists & Aerospace Workers Local # 36*, 614 F.2d at 531; *Harris v. Walgreen's Distribution Center*, 456 F.2d at 590. *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); *Flowers v. Local No. 6, Laborers Int'l. Union of No. America*, 431 F.2d 205 (7th Cir. 1970) (EEOC finding of no probable cause not a bar to institution of lawsuit by plaintiff). Rather, the district court should make some appraisal of the merits of plaintiff's claim. The court's examination need not be detailed, nor must the court construct an extensive record for review. Perhaps the court should conduct a brief oral examination of the plaintiff and review the EEOC record. Certainly, if the court finds that the EEOC's determination is supported by substantial evidence and that the plaintiff's objections to the determination are insubstantial, it may accord the Commission's findings weight.

■ Judge Perry's failure to consider the merits of Jones' case is a sufficient ground to order a remand here, but we do not think

a new hearing is necessary. The record before us reveals that Jones sufficiently alleged a race discrimination claim. She demonstrated diligence in searching for counsel and showed her financial inability to pay for a lawyer. Jones therefore complied with the factors suggested in *Caston.*

We emphasize that the appointment of counsel is a matter for the district court's discretion. While we endorse the *Caston* criteria as suggested guidelines, the district court may employ whatever procedure it finds most useful to make an informed decision. A denial of counsel will be overturned only for an abuse of discretion.

Ms. Janet Koran, Jones' lawyer *pro bono publico* for this appeal, indicated during oral argument that she would be willing to be appointed counsel in the district court. The order of the district court is therefore vacated and the proceeding is remanded for the appointment of counsel under Circuit Rule 18.

VACATED and REMANDED.