640 F.2d 474
 Robert Allen RAY, P 1201, State Correctional Institution,
Pittsburgh, Pa. 15233, Mike Silverman, P 1484 SCI, Pgh.,
Eddie Harris, P 1414 SCI, Pgh., Robert Harris, K3448 SCI,
Pgh. and Steven Shawley, Y1816 SCI, Pgh. for themselves and
on behalf of all other similarly situated individuals.
Robert Allen Ray, P 1201, Appellant,
v.
William B. ROBINSON, Commissioner of Correction,
Commonwealth of Pennsylvania, Harrisburg, Pennsylvania;
James F. Howard, Superintendent, State Correctional
Institution, Pittsburgh, Pennsylvania 15233, Thomas
Seiverling, Administrative Assistant to the Superintendent
and Complaint Officer, State Correctional Institution,
Pittsburgh, Pennsylvania 15233, Lawrence Weyandt, Major of
the Guard, State Correctional Institution, Pittsburgh,
Pennsylvania 15233, and Charles J. Kozakiewicz, Captain,
State Correctional Institution, Pittsburgh, Pennsylvania
15233, Individually and in their own capacity.
 No. 80-1780.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Nov. 6, 1980.
Decided Feb. 9, 1981.
 
 Jose Hernandez-Cuebas, Pa. Dept. of Justice, Pittsburgh, Pa., for appellees.
 James D. Crawford, Carole E. Handler, Philadelphia, Pa., for appellant; Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., of counsel.
 Before SLOVITER and MARIS, Circuit Judges, and BROTMAN,* District Judge.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 I.
 
 1
 Appellant, Robert Allen Ray, is one of five prisoners in the State Correctional Institution in Pittsburgh, Pennsylvania, who brought a Civil Rights action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 against various state officials alleging that defendants' enforcement of a prison rule prohibiting the covering of doors and windows, confinement of inmates to cells with inadequate floor space, and retaliation against prisoners who filed administrative complaints violated the prisoners' constitutional rights. Plaintiffs sought a declaratory judgment that their Eighth Amendment rights had been infringed and an injunction against further violations. The complaint does not seek damages. The district court granted plaintiffs permission to proceed in forma pauperis. Thereafter Ray moved for appointment of counsel. The magistrate assigned to the case denied this request stating:(I)t appearing that the Criminal Justice Act does not provide funds for the appointment of counsel to prosecute civil rights actions, IT IS ORDERED that the plaintiff's motion for the appointment of counsel be and the same is hereby denied.
 
 
 2
 Ray filed a motion requesting reconsideration of his motion for appointment of counsel. The district court denied this request, stating that "(b)ecause there are no provisions in law for the appointment of counsel at the expense of the Government to prosecute prisoner civil rights actions, the plaintiffs' motion for reconsideration must also be denied." Ray appeals from this order.
 
 II.
 
 3
 Preliminarily, we note that this appeal has been presented as an ex parte matter. Appellant has been represented by counsel appointed by this court from among those attorneys within the circuit who volunteer to appear on behalf of indigent litigants in cases where there is no provision for an award of counsel fees.[1] Defendants were represented in the proceeding in the district court by one of Pennsylvania's Deputy Attorney Generals, who notified this court by letter that his office would not be filing a responsive brief nor would it present oral argument. Although no reason was given for declining to participate in this appeal, defendants may have assumed they have no interest in the issue of appointment of volunteer counsel in the present posture of the litigation.[2] Furthermore, defendants, as public officials, may deem it unseemly to oppose appointment of counsel for their adversaries. Under these circumstances, we have no assurance that the issue can be presented in an adversary context, because the same situation is likely to reoccur should the issue arise again. We deem the substantive issues to be significant. Therefore, despite our reluctance to adjudicate matters without the benefit of briefs submitted by all parties to the dispute, we will consider the issues raised by the appeal on the basis of a brief submitted only by appellant.
 
 III.
 
 4
 We must first decide whether we have appellate jurisdiction, because the order appealed from does not terminate the litigation and therefore is not a final order as that term is ordinarily used. Appellant contends that this appeal may lie because the order denying his motion for reconsideration of request for appointment of counsel is the final disposition of a right claimed by him which is separable from, and collateral to, the rights he asserts in his cause of action. Appellant accordingly relies on the collateral order doctrine enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
 
 
 5
 That doctrine was analyzed this Term by the Supreme Court in Firestone Tire & Rubber Co. v. Risjord, --- U.S. ----, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), where the Court held that an order refusing to disqualify counsel is not appealable before the conclusion of the litigation. The Court reiterated that there is only a "small class" of orders which fit within the following definition of collateral orders: "(T)he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Id. at ----, 101 S.Ct. at 674, quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).
 
 
 6
 The order denying counsel in this case meets the first part of the collateral order test because the only issue is whether the district court has the authority to appoint counsel for civil rights plaintiffs. The district court conclusively determined that question by the decision manifesting its belief that it had no authority to appoint counsel in this type of case. The second part of the test is similarly met because the appointment of counsel question is separate from the merits of the action in this case. Had the district court exercised its discretion to deny counsel on the ground that plaintiff's claim on its face lacked merit, it might be more difficult to meet the separability requirement. That was not the reason articulated by the district court for its decision. Finally, we must decide whether the district court's order is effectively unreviewable on final appeal, the third part of the test. In United States v. MacDonald, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978), the Court stated that the order sought to be appealed must involve "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." The order denying counsel differs from the disqualification of an attorney already in the case, which the Court in Firestone held was unreviewable as a collateral order because meaningful review was available at the conclusion of the trial. It is apparent that a decision on appellant's need for counsel must be made before the trial if it is to be of any practical effect to him.
 
 
 7
 This court as well as others has held that an order denying counsel is appealable as a collateral order. See Hudak v. Curators of University of Missouri, 586 F.2d 105, 106 (8th Cir. 1978), cert. denied, 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979); Caston v. Sears, Roebuck Co., 556 F.2d 1305, 1308 (5th Cir. 1977); Spanos v. Penn Central Transportation Co., 470 F.2d 806, 807 n.3 (3d Cir. 1972); Miller v. Pleasure, 296 F.2d 283, 284 (2d Cir. 1961), cert. denied, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962). We believe there is nothing in the Firestone decision which derogates from the reasoning in these cases. Therefore, fully cognizant of the "limited class" of final collateral orders, we hold that the order in this case falls within that category.
 
 IV.
 
 8
 As we have indicated, we believe that the decision of the district court on the motion for appointment of counsel was based on its determination that because the Criminal Justice Act, 18 U.S.C. § 3006A, provides no funds for attorneys fees in civil actions by prisoners, the court is without any discretion to appoint counsel for such prisoners. The magistrate's ruling also appears to have been grounded on the view that there was no power to appoint counsel without compensation to represent an indigent in a civil case. These rulings overlook the express provision in Section 1915(d) of the Judiciary Code which gives the court discretionary authority to appoint counsel for an indigent in civil cases such as this. Section 1915 provides, in relevant part:
 
 
 9
 (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
 
 
 10
 (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
 
 
 11
 28 U.S.C. § 1915 (emphasis added).
 
 
 12
 Appellate courts construing this section have consistently held that it gives the district court discretion to appoint counsel in an in forma pauperis civil proceeding. In Peterson v. Nadler, 452 F.2d 754, 757 (8th Cir. 1971), the court stated that although it "is true that there exists no statutory or constitutional right for an indigent to have counsel appointed in a civil case ... federal courts do possess the statutory power to make this appointment, if within the court's discretion the circumstances are such that would properly justify it." (emphasis added). A factual situation similar to that presented here occurred also in Smith v. Blackledge, 451 F.2d 1201, 1203 (4th Cir. 1971), where Judge Sobeloff stated:
 
 
 13
 It appears that plaintiff's request for appointed counsel was denied by the District Judge. In his appellate brief, plaintiff refers to a letter he received from the Judge which purportedly states that the request was denied because in civil suits there are no provisions allowing for the appointment of counsel. If this was indeed the District Judge's view, it was mistaken. The Judicial Code, 28 U.S.C. § 1915(d), vests the court with discretion to appoint counsel for an indigent in a civil action. Bowman v. White, 388 F.2d 756 (4th Cir.), cert. denied, 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968). If the District Judge was proceeding under this erroneous view of the law, his judgment would be subject to reversal and remand. See United States v. Williams, 407 F.2d 940 (4th Cir. 1969); United States v. Wilson, 450 F.2d 495 (4th Cir. 1971).
 
 
 14
 In United States v. McQuade, 579 F.2d 1180 (9th Cir. 1978), the court held that the district court's failure to appoint counsel under section 1915(d) on the ground that the court had no authority whatsoever to appoint counsel for civil litigants was an error of law. Furthermore, this court made explicit the authority of the district court to appoint counsel to represent plaintiffs filing civil rights and habeas corpus actions. In Scott v. Plante, 532 F.2d 939, 949-50 (3d Cir. 1976), we stated:
 
 
 15
 The foregoing outline of the legal and factual issues presented by Scott's several complaints, when compared with the district court's treatment of them, demonstrates that more serious consideration should have been given to Scott's repeated requests for the appointment of counsel pursuant to 28 U.S.C. § 1915(d). Certainly in New Jersey, where the bar has a long tradition of voluntary service, and where three fine law schools engage in extensive public service, there was no need for the court to go it alone.
 
 
 16
 We agree with appellant that it is apparent that the district court did not exercise its discretion. A failure to recognize the existence of authority to exercise discretion does not amount to its exercise. Schultz v. Cally, 528 F.2d 470, 476 (3d Cir. 1975). If a district court fails to exercise its discretion, that is itself an abuse of discretion. See Pollard v. Metropolitan Life Ins. Co., 598 F.2d 1284, 1293 (3d Cir.) (Adams, J., dissenting), cert. denied, 444 U.S. 917, 100 S.Ct. 232, 62 L.Ed.2d 171 (1979).
 
 
 17
 Appellant goes further and seeks to have us hold that failure to appoint counsel here would amount to an abuse of discretion. Appellant argues that counsel should be appointed for an indigent prisoner if the appointment will materially aid the court, shorten the litigation, and contribute to economical use of judicial resources and contends that by their very nature, civil rights proceedings brought by prisoners for injunctive relief may require appointment of counsel. Further, appellant contends counsel "should be appointed if the suit can withstand a motion to dismiss and is not frivolous or without merit." Appellant's Brief, p. 20.
 
 
 18
 Because of the diverse nature of the cases in which motions to appoint counsel are made, we deem it inadvisable to establish any general standard as to when counsel should be appointed. The factors which courts have considered in making such decisions are available in the case law. See, e. g., Peterson v. Nadler, 452 F.2d 754, 757-58 (8th Cir. 1971). We express no opinion on whether counsel should be appointed in this case, leaving that decision for the district court in the first instance.
 
 
 19
 However, if the district court was concerned about the availability of lawyers willing to undertake such cases without assurance of compensation, we take this opportunity to point out that there has been increasing consideration given to the social responsibility of lawyers to provide pro bono publico legal services. In 1975 the American Bar Association House of Delegates explicitly reaffirmed the professional obligation of each lawyer to provide public interest services, and in 1979, serious discussion began on mandating a minimum service as part of the proposed Rules of Professional Conduct. Palmer & Aaronson, Placing Pro Bono Publico in the National Legal Services Strategy, 66 A.B.A.J. 851 (1980). The comments made by Judge Gibbons as to New Jersey lawyers in Scott v. Plante, 532 F.2d at 949-50, are equally applicable to Pennsylvania lawyers. The Pennsylvania bar also has a long tradition of voluntary service and there are six fine law schools in the Commonwealth which engage in extensive public service.
 
 
 20
 For the foregoing reasons, we will vacate the order of the district court denying the motion for the appointment of counsel, and remand for further consideration in accordance with this opinion.
 
 
 
 *
 Hon. Stanley S. Brotman, United States District Judge for New Jersey, sitting by designation
 
 
 [1]
 The court expresses its appreciation to Carole E. Handler, who was appointed counsel to represent appellant in this appeal
 
 
 [2]
 Defendants may in fact have an important interest in whether counsel is appointed. If plaintiff prevails on the merits, he will undoubtedly request an award of counsel fees pursuant to 42 U.S.C. § 1988. See Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)