**Robert E. COTNER, Plaintiff-Appellant,**

v.

**U. S. Probation Officer MASON, Defendant-Appellee.**

**No. 81–1171.**

United States Court of Appeals, Tenth Circuit.

Submitted May 28, 1981, Pursuant to Tenth Circuit Rule 9.

Decided Sept. 3, 1981.

---

Robert E. Cotner, pro se.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant seeks review of the district court's order denying his motion for the appointment of counsel in his civil action.[1] The question is whether we have jurisdiction of the appeal.

Generally, interlocutory orders of district courts are not permitted appellate review prior to the entry of final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *see* 28 U.S.C. § 1291. Appeals from interlocutory orders may be permitted, in the discretion of the court of appeals, if the trial judge states in writing that he is of the opinion that the order involves a controlling issue of law. 28 U.S.C. § 1292(b). Here, the trial judge did not make the written statement required by § 1292(b) which was necessary for an interlocutory appeal.

A narrow exception to the final judgment rule is the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen* the Supreme Court held that a small class of orders which do not end the litigation are sufficiently final to be appealable under § 1291. To come within this class, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (footnote omitted).

While the order denying the motion for appointment of counsel in this case arguably satisfies the first two prongs of this test, it does not satisfy the third. Appellant's underlying cause of action is not complicated, and we are aware of no circumstances which would preclude this pro se litigant from presenting his claim to the district court and, if need be, to this court after the entry of final judgment. At that point this court could fully review the district court's denial of the motion for appointment of counsel to determine whether the district court abused its discretion.

Denying immediate review of the order denying appointment of counsel will not cause " 'crucial collateral claims to be lost

---

1. 28 U.S.C. § 1915(d) authorizes a trial court to appoint counsel for indigent civil litigants.

and potentially irreparable injuries to be suffered.'" *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 331 n.11, 96 S.Ct. 893, 901 n.11, 47 L.Ed.2d 18 (1976)). The order is fully reviewable after final judgment, and the only burden from reversal is a new trial, with appointed counsel. Therefore, this situation does not involve "'an asserted right the legal and practical value of which would be *destroyed* if it were not vindicated before trial.'" *Id.* 101 S.Ct. at 675 (quoting *United States v. MacDonald*, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978)) (emphasis added). We are therefore constrained to disagree with the Third Circuit's reasoning that such an order is immediately appealable because "a decision on appellant's need for counsel must be made before the trial if it is to be of any practical effect to him." *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). This characteristic is shared by numerous other pretrial orders which are not immediately appealable, such as the order denying a motion to disqualify counsel at issue in *Firestone*. Because these asserted rights can be fully remedied by a post-judgment reversal and a new trial, denying immediate appeal does not cause irreparable injuries or destroy the legal and practical value of these rights.

An order denying a motion for appointment of counsel in a civil case thus "plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981). This court has consistently held that, absent extraordinary circumstances, orders denying appointment of counsel in civil cases are not immediately appealable as of right. *May v. Jones*, No. 79–1774 (10th Cir. filed June 23, 1980); *Kennedy v. Burk*, No. 79–1616 (10th Cir. filed November 16, 1979); *Nevarez v. Shaw*, No. 76–1424 (10th Cir. filed November 15, 1976).

Other circuits have held that orders denying appointment of counsel in civil cases are immediately appealable. *Jones v. WFYR Radio/RKO General*, 626 F.2d 576 (7th Cir. 1980); *Hudak v. Curators of the University of Missouri*, 586 F.2d 105 (8th Cir. 1978), cert. denied, 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305 (5th Cir. 1977); *Spanos v. Penn Central Transportation Company*, 470 F.2d 806 (3d Cir. 1972); *Miller v. Pleasure*, 296 F.2d 283 (2d Cir. 1961), cert. denied, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).[2] The reasoning supporting those decisions, however, overlooks the eventual availability of full appellate review after final judgment on the merits. The Supreme Court has recently reaffirmed the strict requirements for immediate review of collateral orders. "To be appealable as a final collateral order, the challenged order must constitute 'a complete, formal and, in the trial court, a final rejection,' . . . of a claimed right 'where denial of immediate review would render impossible *any review whatsoever.*'" *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) (quoting *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)) (emphasis added).

We can perceive no persuasive reason to depart in this case from the strong policy against "piecemeal appellate disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974).

APPEAL DISMISSED.

---

2. *But see United States v. Birrell*, 482 F.2d 890, 892 (2d Cir. 1973) ("[W]e do not regard the issue of the appealability of such an order as forever foreclosed . . . .").