**Payton RANDLE, Plaintiff-Appellant,**

v.

**VICTOR WELDING SUPPLY COMPANY and Norman Carlson, Director of Federal Industries, Defendants-Appellees.**

No. 81–1794.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 9, 1981.

Decided Nov. 20, 1981.

Payton Randle, pro se.

David H. Miller, Asst. U. S. Atty., Fort Wayne, Ind., for defendants-appellees.

Before SWYGERT and FAIRCHILD, Senior Circuit Judges, and SPRECHER, Circuit Judge.

PER CURIAM.

 This is an appeal from a district court order denying a *pro se* plaintiff's motion for appointment of counsel in a civil action. The case is presently before the court for consideration of the court's own motion to dismiss for lack of appellate jurisdiction.[1]

Plaintiff, a former inmate of the Federal Correctional Institution at Marion, Illinois, brought this action seeking damages for injuries he sustained in an industrial accident while participating in a prison work program. After several unsuccessful attempts to retain private counsel on a contingency fee basis, plaintiff filed his own complaint and moved for appointment of counsel pursuant to 28 U.S.C. § 1915(d).[2] Viewing plaintiff's complaint as stating essentially a products liability claim, and noting that it was apparently of insufficient merit to warrant private counsel's acceptance of it on a contingency basis, the dis-

---

1. This court is required to consider independently the question of jurisdiction and dismiss on its own motion when jurisdiction is lacking. *Spencer, White & Prentiss Inc. of Connecticut v. Pfizer Inc.*, 498 F.2d 358 (2d Cir. 1974).

2. 28 U.S.C. § 1915(d) states:
 Proceeding *in forma pauperis*

\* \* \* \* \* \*

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

trict court concluded that counsel should not be appointed under § 1915(d) and denied the motion. This appeal followed.

28 U.S.C. § 1291 vests the Courts of Appeals with jurisdiction over "all final decisions of the district courts ... except where a direct review may be had in the Supreme Court." This language has generally been construed to mean that an appeal may not be taken under this section until there has been "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 476, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978), quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). Read in this way, the statute furthers the important policy of avoiding piecemeal appeals which delay final resolution of the claim and require a greater allocation of judicial resources. It also stands in recognition of the considerable deference to which a district judge is entitled "as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial." *Firestone*, 449 U.S. at 373, 101 S.Ct. at 673.

The order appealed from in this case clearly fails to satisfy this rule. The refusal of the district court to appoint counsel, while it may make proceeding more difficult, does not end the litigation on the merits. The *pro se* litigant remains free to present his claim to the court on his own.

Despite this fact, a number of circuits, including this one, have concluded that such an order is appealable under the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Jones v. WFYR Radio/RKO General*, 626 F.2d 576 (7th Cir. 1980);[3] *Ray v. Robinson*, 640 F.2d 474 (3d Cir. 1981); *Hudak v. Curators of the University of Missouri*, 586 F.2d 105 (8th Cir. 1978), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305 (5th Cir. 1977); *Spanos v. Penn Central Transportation Company*, 470 F.2d 806 (3d Cir. 1972); *Miller v. Pleasure*, 296 F.2d 283 (2d Cir. 1961), *cert. denied*, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962). *But see Cotner v. U.S. Probation Officer Mason*, 657 F.2d 1390 (10th Cir. 1981).

In *Cohen*, the Supreme Court created a narrow exception to the final judgment rule of section 1291. It specifically held in that case that the Court of Appeals had jurisdiction under § 1291 to review a district court's order denying a defendant's motion that the plaintiff in a shareholder's derivative action be required to post security for costs of the litigation, as required under state law. The Court noted that to postpone review until final disposition of the action would effectively prevent meaningful review altogether, for by that time whatever right to security the defendant may have had would be irretrievably lost. Consequently, the Court concluded that the district court's order fell within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546.

Those courts which have permitted appeals from a district court's refusal to appoint counsel have likewise concluded that the right to appointed counsel is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Caston v. Sears, Roebuck & Co.*, 556 F.2d at 1308, quoting *Cohen, supra*. However, in reaching this conclusion, they have failed to recognize that, unlike the question of security in *Cohen*, the plaintiff's right to court-appointed counsel can be effectively reviewed

---

**3.** In *Jones v. WFYR Radio/RKO General, supra*, this court adopted without discussion the Fifth Circuit's holding in *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305 (5th Cir. 1977), that such an order is appealable. *Caston* relies explicitly on *Cohen* for this holding.

after final judgment on the merits.[4] As the Supreme Court's recent decision in *Firestone Tire & Rubber Co. v. Risjord, supra,* makes clear, the unavailability of such review must be demonstrated in order for the collateral order doctrine to apply.

In *Firestone,* the Court held that an order denying a motion to disqualify the opposing party's counsel in a civil case is not appealable under § 1291. In so holding, it expressly rejected the argument that such an order fits within the collateral order doctrine enunciated in *Cohen.* That doctrine, as refined by the Court since *Cohen,* applies to a narrow class of orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay, supra,* 437 U.S. at 468, 98 S.Ct. at 2457. In *Firestone,* the Court concluded that the order there at issue failed to meet the third of these three conditions. It held that effective review of the district court's refusal to disqualify counsel could be had on appeal from the final judgment, since at that time, if the Court of Appeals concluded that the district court's ruling constituted prejudicial error, it could vacate the judgment appealed from and order a new trial. Although the Court acknowledged a party may suffer some delay in being forced to await final judgment before appealing an order ultimately found to be erroneous, it noted that this harm did not " 'diffe[r] in any significant way from the harm resulting from other interlocutory orders that may be erroneous such as orders requiring discovery over a work-product objection or orders de-

nying motions for recusal of the trial judge.' " 449 U.S. at 378, 101 S.Ct. at 675, quoting *Armstrong v. McAlpin,* 625 F.2d 433, 438 (2d Cir. 1980), judgment vacated, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981). To permit appeals of interlocutory orders simply on the ground that they may be erroneous, it stated, "not only would constitute an unjustified waste of scarce judicial resources, but would transform the limited exception carved out in *Cohen* into a license for broad disregard of the finality rule imposed by Congress in § 1291." 449 U.S. at 378, 101 S.Ct. at 675–76.

■ Upon further consideration and in light of *Firestone Tire & Rubber Co. v. Risjord,* we think the same conclusion applies with respect to an order denying a motion to appoint counsel. That order is no less reviewable upon final judgment than the order considered by the Supreme Court in *Firestone.*[5] *Cotner v. U.S. Probation Officer Mason, supra.* As in that case, if the district court's ruling is found to constitute prejudicial error, its judgment can be vacated and a new trial ordered. *See e. g., Maclin v. Freake,* 650 F.2d 885 (7th Cir. 1981). Thus, unlike the question of security in *Cohen,* the postponement of review here does not result in the effective denial of the right at issue. *Compare Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (appeal allowed prior to trial where defendant seeks to avoid double jeopardy); *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1957) (order denying motion to reduce bail appealable). At worst, in those cases where the district court abuses its discretion in denying a request for appointment of counsel, it merely

---

**4.** Only the Third Circuit in *Ray v. Robinson, supra,* specifically held that an order denying appointment of counsel cannot be effectively reviewed on appeal from the final judgment. The other circuits that have concluded that such an order is immediately appealable have failed to address this aspect of *Cohen.* For the reasons stated *infra,* we disagree with the Third Circuit's conclusion in *Ray* and conclude that the district court's refusal to appoint counsel can be effectively reviewed after final judgment.

**5.** In *Ray v. Robinson, supra,* the Third Circuit sought to distinguish *Firestone* by holding that an order denying appointment of counsel could not be meaningfully reviewed at the conclusion of trial because "a decision on appellant's need for counsel must be made before the trial if it is to be of any practical effect to him." 640 F.2d at 477. We are unpersuaded by this reasoning. While it is true that whether or not to appoint counsel must be decided before trial, it does not follow that an erroneous decision on that issue cannot be effectively reviewed at the conclusion of the trial.

results in the delay caused by the need to retry the case. As the Court pointed out in *Firestone*, this potential harm is not sufficient to bring an order within that small class of collateral orders appealable under the *Cohen* rationale.

We therefore overrule our decision in *Jones v. WFYR Radio/RKO General, supra*,[6] and hold in this case that an order denying a motion for appointment of counsel is not immediately appealable, but may be reviewed only on appeal from a final judgment. Accordingly, the instant appeal is dismissed for lack of jurisdiction.

SWYGERT, Senior Circuit Judge, dissenting.

I respectfully dissent from the holding of the majority. I believe that an order denying appointment of counsel falls within the exception to the final-judgment rule of section 1291 created by the Supreme Court in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In *Cohen* and subsequent cases, the Court set out a three-part test for determining when an interlocutory order is appealable: "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). I believe that a determination denying appointment of counsel meets those three conditions. Such a denial conclusively determines the disputed issue, and the issue of access to court-appointed counsel is plainly separate from the merits of the cause of action. According to the majority, however, the order in the case at bar does not satisfy the third condition set out by the Supreme Court.

The requirement that the order be "effectively unreviewable" after a final judgment was discussed further by the Court in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S.

368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). In *Firestone*, the Court recognized that the purpose of the *Cohen* exception to the final-judgment rule was to allow immediate review in cases involving " 'an asserted right the legal and practical value of which could be destroyed if it were not vindicated before trial.' " *Id.* at 377, 101 S.Ct. at 675 (quoting *United States v. McDonald*, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978)). The Court also restated the policy that "the finality requirement should 'be construed so as not to cause crucial collateral claims to be lost and potentially irreparable injuries to be suffered.' " *Id.* 449 U.S. at 376, 101 S.Ct. at 674 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 331 n.11, 96 S.Ct. 893, 901 n.11, 47 L.Ed.2d 18 (1976)).

The majority has found that denial of immediate review in the instant case would not result in the practical loss of the right at stake: "At worst, in those cases where the district court abuses its discretion in denying a request for appointment of counsel, it merely results in the delay caused by the need to retry the case." At 1066–1067. I disagree with the majority's characterization of the extent of the harm caused by denial of immediate review.

The Eighth Circuit in *Hudak v. Curators of the University of Missouri*, 586 F.2d 105, 106 (8th Cir. 1978), noted that "the harm [from an erroneous denial of appointment of counsel] can be irreparable on appeal of the final judgment." The Third Circuit, considering the Supreme Court's holding in *Firestone*, expressly found that an order denying appointment of counsel is effectively unreviewable on appeal from the final judgment. *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). I agree with the statement of the court in *Ray* that "a decision on appellant's need for counsel must be made before the trial if it is to be of any practical effect to him." *Id.*

In *Firestone*, the order at issue was the denial of a motion for disqualification of an

---

6. Pursuant to Circuit Rule 16, this opinion has been circulated among all judges of this court in regular active service. Only Judge Cudahy favored a rehearing *in banc* on the question of overruling *Jones*.

attorney. The Court held that it was effectively reviewable with the final judgment because if the motion was erroneously denied it could be remedied on appeal from the final judgment by vacating the judgment and ordering a new trial.[1] The majority in the case at bar has found that an order denying appointment of counsel "is no less reviewable upon final judgment" than the order in *Firestone*, at 1066; in both cases, according to the majority, an erroneous ruling by the district court can be corrected by vacating the judgment and ordering a new trial. I disagree.

I believe that the situation in *Firestone* differs from the one before us in several significant respects. First, as the Court recognized in *Firestone, see* n.1, the moving party can seek sanctions other than disqualification if his motion is denied. The availability of alternative remedies has also been an important factor in other cases in which the Supreme Court has denied immediate review of collateral orders. *See, e. g., United States v. Ryan*, 402 U.S. 530, 532, 91 S.Ct. 1580, 1581, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 327, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940).[2] In the instant case, there are no alternative remedies available to plaintiff to prevent or alleviate the harm of an erroneous denial of access to court-appointed counsel.

Second, the potential harm from the denial of a disqualification motion will rarely be as great as that from the erroneous denial of court-appointed counsel. Courts have long recognized the problems of the *pro se*

litigant. *See, e. g., Hudson v. Hardy*, 412 F.2d 1091, 1094–95 (D.C.Cir.1968) (*per curiam*), *rehearing*, 424 F.2d 854 (D.C.Cir. 1970) (reaffirmed on the merits); *Peterson v. Nadler*, 452 F.2d 754, 758 (8th Cir. 1971) (*per curiam*); *United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960). A *pro se* litigant without legal training "has little hope of successfully prosecuting his case to a final resolution on the merits." *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977). Thus, the *pro se* litigant, facing the slim prospect of success against a defendant represented by counsel, may feel pressured to compromise his substantive rights by settling on terms less favorable than those he could have negotiated had he been represented or by failing to pursue further any legal remedy for the violation of his rights. The result may often be that an impoverished litigant has less access to the courts than the litigant who can afford to retain counsel. Such a result is, in my opinion, inconsistent with the principle of equal justice for all persons. Therefore, I must conclude that the propriety of an order denying appointment of counsel is not effectively reviewable upon appeal from the final judgment and falls within that class of interlocutory orders that are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen, supra*, 337 U.S. at 546, 69 S.Ct. at 1225.[3]

---

1. The Court also noted that sanctions short of disqualification were available to the moving party, for example, a protective order restricting counsel's ability to act in the litigation. *Firestone, supra*, 449 U.S. at 378 n.13, 101 S.Ct. at 676 n.13.

2. In *Ryan* and *Cobbledick*, the Court refused to allow immediate appeal from "the denial of a motion to quash a subpoena because another avenue to review was open: the respondent could refuse to comply, litigate the contempt issue, then appeal if he loses that." *Ryan, supra*, 402 U.S. at 532, 91 S.Ct. at 1581; *Cobbledick, supra*, 309 U.S. at 328, 60 S.Ct. at 542. *Accord, Alexander v. United States*, 201 U.S. 117, 121–22, 26 S.Ct. 356, 357–58, 50 L.Ed. 686 (1906).

3. Such a holding would be consistent with the decisions of a majority of the circuits to consider the issue. *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Hudak v. Curators of the University of Missouri*, 586 F.2d 105, 106 (8th Cir. 1978), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977); *Miller v. Pleasure*, 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied*, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962). *Accord, Jones v. WFYR Radio/RKO General*, 626 F.2d 576, 576 n.* (7th Cir. 1980).

Only one circuit, other than this one, has found an order denying appointment of counsel not immediately appealable. *Cotner v. U. S. Probation Officer Mason*, 657 F.2d 1390 at 1391–1392 (10th Cir. 1981). In that case, how-

For the foregoing reasons, I would reach the merits of this appeal from the district court's denial of plaintiff's motion for appointment of counsel.

ever, the court expressly found that "[a]ppellant's cause of action is not complicated, and we are aware of no circumstances which would preclude this *pro se* litigant from presenting his claim to the district court and, if need be, to this court after the entry of final judgment." *Id.* at 1391.