930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Colleen M. NUTTER, Plaintiff-Appellant,
v.
KANSAS STATE UNIVERSITY, and its representatives, Defendant-Appellee,
Lou Ann Smith, Defendant-Appellee,
Judith E. Banks, Defendant-Appellee.
 No. 90-3294.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The underlying claim is a civil rights action under 42 U.S.C. Sec. 2000e-5. Apparently, appellant alleges that she was discriminated against by Kansas State University, its agents, and two other named individuals. The relief she seeks is a degree, financial aid, credit restored, and monetary restitution. The lower court allowed appellant to proceed in forma pauperis, but denied her application for an appointment of counsel. See Nutter v. Kansas State University, et al, Minute Order, No. 90-1436 (Oct. 2, 1990). It is this denial that appellant appeals.
 
 
 3
 In this circuit the law is clear that a denial of appointment of counsel by the district court is not considered a final judgment, and therefore we must dismiss such an appeal. The reasoning of this circuit, which applies in this case, is explained at length in Cotner v. Mason, 657 F.2d 1390 (1981):
 
 
 4
 Generally, interlocutory orders of district courts are not permitted appellate review prior to the entry of final judgment....
 
 
 5
 Appellant's underlying cause of action is not complicated, and we are aware of no circumstances which would preclude this pro se litigant from presenting h[er] claim to the district court and, if need be, to this court after the entry of final judgment. At that point this court could fully review the district court's denial of the motion for appointment of counsel to determine whether the district court abused its discretion.
 
 
 6
 Denying immediate review of the order denying appointment of counsel will not cause crucial collateral claims to be lost and potentially irreparable injuries to be suffered.... Because these asserted rights can be fully remedied by a post-judgment reversal and a new trial, denying immediate appeal does not cause irreparable injuries or destroy the legal and practical value of these rights. Id. at 1391-1392 (quotation marks omitted).
 
 
 7
 We realize that there is a split among the circuits on whether a denial of a request for appointment of counsel under 28 U.S.C. Sec. 1915(d) or 42 U.S.C. Sec. 2000e-5(f)(1) is immediately appealable. See id. at 1392 (discussing various positions of other circuits); see generally Annotation, Appealability of Federal Court Order Denying Motion for Appointment of Counsel for Indigent Party, 67 A.L.R.Fed. 925 (1984 & Supp.1990). However, [t]his court has consistently held that, absent extraordinary circumstances, orders denying appointment of counsel in civil cases are not immediately appealable as of right." Id. Because no such circumstances have been demonstrated by appellant in this case, the appeal is DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3