Pete **POULAKIS**, Plaintiff,

v.

**AMTRAK**, Defendant.

No. 90 C 6921.

United States District Court, N.D. Illinois, E.D.

July 25, 1991.

Ronald L. Futterman, Hartunian, Futterman & Howard, Chicago, Ill., for plaintiff.

Pete Poulakis, pro se.

Martin Peter Greene, Green & Letts, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

On May 29, 1991, this court concluded that plaintiff Pete Poulakis had demonstrated good cause for his failure to serve defendant Amtrak within the 120–day time period set forth by Fed.R.Civ.P. 4(j). Defendant has filed a motion for reconsideration of that ruling, which we deny. Plaintiff has filed additional documentation in further support of his motion for appointment of counsel, a motion on which, for the reasons set forth below, we cannot yet rule.

*Amtrak's Motion for Reconsideration*

In response to this court's request that plaintiff file a written explanation of why he failed to properly serve defendant within the 120–day time period, plaintiff submitted a letter in which he explained that he had been informed by an employee of the clerk's office that a return receipt would serve as proof of service by United States mail. When plaintiff received the return receipt, he asserted, he believed that he had done all that was necessary to effect service of process. In light of this letter, we concluded that plaintiff had demonstrated a certain degree of diligence in traveling to this courthouse to inquire in person as to the requirements for service of process. Given this and his claimed reliance on the information provided by the clerk's office, whether misunderstood or erroneous, we concluded that we could not characterize his failure to properly serve defendant as the result of either inadvertence or half-heartedness.

Defendant has moved that this court reconsider its ruling in light of a reply memorandum that defendant filed the next day or, in the alternative, that this court conduct an evidentiary hearing on the allegations on which it relied in that ruling. Although this court had not requested that such a reply be filed, we have considered defendant's arguments and, for the following reasons, find them to be without merit.

Defendant first contends that plaintiff has failed to present any "evidence" of good cause because his response to this court's request was "only an unsworn letter." The letter submitted by plaintiff was in compliance with this court's order, which directed him to file only a "written explanation" for his failure. This court will not fault plaintiff for such compliance.

Defendant next contends that plaintiff's explanation in essence pleads ignorance as his excuse. We decline to accept this characterization. Plaintiff represented to this court that he elected service-by-mail in light of what he had been told by the U.S. Marshal regarding the requirement of a court order as a prerequisite to service by that method, and that in light of what he had been told by an employee of the clerk of this court, he believed that a return receipt would suffice as proof of service. Rather than demonstrating that plaintiff attempted to serve defendant despite an acknowledged ignorance of the requirements for doing so, plaintiff's explanation has demonstrated to this court's satisfaction that he sought to learn of the appropriate method for service of process and believed that he had done so. As another court within the Seventh Circuit has noted, "[o]ther courts have found good cause to exist when the failure of a *pro se* litigant to effect service was attributable to the Clerk...." *Patterson v. Brady*, 131 F.R.D. 679, 684 & n. 7 (S.D.Ind.1990).[1]

---

1. Defendant raises two additional arguments regarding what it perceives as plaintiff's ignorance

■ Defendant further contends that this court should have ignored as hearsay plaintiff's assertion that as to what he allegedly was told by the clerk's office regarding the sufficiency of a return receipt as proof of service. This court did not consider the purported statement for its truth because, quite obviously, it was not a true statement. Because the purported statement was made in plaintiff's presence, however, this court considered it as a non-hearsay verbal act relevant to the issue of whether plaintiff acted diligently in light of what he perceived his obligations to be with regard to serving defendant. *See United States v. Norwood*, 798 F.2d 1094, 1097, n. 4 (7th Cir.), *cert. denied*, 479 U.S. 1011, 107 S.Ct. 656, 93 L.Ed.2d 711 (1986) (out-of-court statement offered to establish its effect upon listener, rather than its truth, does not differ from any other out-of-court event about which witness might testify); *Donohoe v. Consolidated Operating & Production Corp.*, 736 F.Supp. 845, 859 (N.D.Ill.1990) (where out-of-court statements are offered only as related to listener's state of mind, declarant's veracity is irrelevant and rationale for excluding hearsay becomes inapposite); *cf. MCI Communications Corp. v. American Tel. & Tel. Co.*, 708 F.2d 1081, 1141 (7th Cir.1983) (administrative order offered for the non-hearsay purpose of demonstrating defendant's professed good faith and the full regulatory environment in which defendant operated was not erroneously admitted).

■ Equally relevant to this court's assessment is the fact that, despite its heated litigation of this procedural issue, defendant has at no time represented that it was in any way prejudiced by plaintiff's failure to comply with Rule 4(j). While acknowledging that a lack of prejudice to the defendant, standing alone, cannot serve as an adequate basis for a "good cause" determination, the Seventh Circuit has joined with the First Circuit in holding that such prejudice, or its absence, may be taken into account: "[W]hen a plaintiff has offered an explanation for noncompliance with the rule which could support a finding of 'good cause,' the absence of prejudice to the defendant is a factor that ought to be considered in assessing whether the explanation offered justifies relief." *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir.1990). Defendant's failure, even at the point at which it has filed a motion for reconsideration, to allege any sort of prejudice, further supports this court's conclusion.

■ Finally, while not individually dispositive, we take further note of plaintiff's *pro se* status, which in this court's opinion entitles him to a certain degree of leniency so as to ensure that his case is justly resolved on its merits rather than on the basis of procedural technicalities to the extent possible. *See Patterson*, 131 F.R.D. at 683.[2] Despite the technical requirements of Rule 4(j), several courts have afforded *pro se* litigants the same leniency in that context as well. *See Id.*, citing *Bowers v. Buchanan*, 110 F.R.D. 405 (S.D.W.Va.1986), and *Ray v. Mayfield*, No. 85–C–9186, slip op., 1987 WL 13589 (N.D.Ill. June 30, 1987). We do the same in

or lack of diligence. First, defendant asserts that because plaintiff had been represented by counsel in this matter he could have asked her how to properly effect service of process. Defendant fails to take into account the fact that, while plaintiff was represented by counsel, there existed no need for him to make such an inquiry. It was only after plaintiff's attorney withdrew from the representation—some fifteen days before the ninety day period for filing suit on his claim expired—that plaintiff undertook to serve defendant himself. Second, defendant contends that plaintiff either failed to read the acknowledgement form or read it and deliberately ignored its plain language that service would be deemed incomplete if the form was not returned within twenty days. According

plaintiff the leniency due *pro se* litigants, this court finds it well within the realm of possibility that, having been told how to effect service of process by someone possessing the apparent authority of the clerk's office, he would believe he had done all that was necessary.

**2.** It is on this basis as well that we considered the letter submitted by plaintiff, despite the fact that, as defendant notes, plaintiff submitted it well beyond the ten days directed by this court. We admonish plaintiff, however, that any such future delays, if not accompanied by a motion for extension of time, may be considered to be in deliberate disregard for this court's efforts at docket control.

the instant case. Rule 4(j) was intended " 'to be a useful tool for docket management, not an instrument of oppression.' " *Floyd,* 900 F.2d at 1049, quoting *United States v. Ayer,* 857 F.2d 881, 885–86 (1st Cir.1988). As long as this court is satisfied that plaintiff exercised the requisite degree of diligence—the underlying concern of Rule 4(j)—we decline to revise our earlier ruling or to condition that ruling on the results of an evidentiary hearing.

*Poulakis' Motion for Appointment of Counsel*

■ In our previous memorandum and order we directed plaintiff to file a completed *in forma pauperis* affidavit as part of the documentation necessary to his application for appointment of counsel. Although plaintiff subsequently filed that affidavit, we are as yet unable to rule on his motion for several reasons. At this time we advise plaintiff of the three factors that this court must consider in determining his eligibility for appointed counsel: 1) the merits of plaintiff's claim; 2) plaintiff's diligence in attempting to secure counsel; and 3) plaintiff's financial ability to retain private counsel. *Darden v. Illinois Bell Tel. Co.,* 797 F.2d 497 (7th Cir.1986). Although the decision to deny a request for appointment may be based on one factor alone, the Seventh Circuit has directed that information relevant to all three factors be preserved on the record in order to ensure that the appropriate decision is made at both the district court and appellate levels. In assessing each factor we are guided by the dictates of 42 U.S.C. § 2000e–5(f)(1), which provides that Title VII litigants are to receive appointed counsel "in such circumstances as the court may deem just." *See Jones v. WFYR Radio/RKO General,* 626 F.2d 576, 576–77 (7th Cir.1980), *overruled on other grounds, Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir. 1981).

■ In plaintiff's case the record with respect to all three of the *Darden* factors

is not yet sufficiently developed. With regard to the first factor, the merits of plaintiff's claim, we are unable to determine whether plaintiff's allegations state a cognizable claim under Title VII, given the current status of this litigation. Once defendant has filed its answer we will consider plaintiff's request in light thereof.[3]

With regard to the second factor, plaintiff appears to have demonstrated the requisite diligence in attempting to obtain counsel. Plaintiff has provided this court with two documents supporting appointment of counsel on this basis: his formal request for appointed counsel and a letter deposited with this court in response to defendant's motion to dismiss pursuant to Rule 4(j). Taking these two documents together, plaintiff has represented to this court that he contacted at least two attorneys some time after his former counsel withdrew, but that neither would accept the case on a contingency fee basis. Plaintiff further alleges, however, that he has contacted "Kent State University" (presumably the IIT–Kent College of Law), at the recommendation of the Chicago Bar Association, and that he is "currently awaiting reply from them." As long as plaintiff's request remains unanswered, the possibility exists that his request for appointed counsel may be rendered moot. Without an indication that Kent also has declined his request for representation, therefore, we cannot determine whether this factor cuts in favor of, or against, appointment of counsel.

Finally, although plaintiff has filed an application to proceed *in forma pauperis* as this court directed, it is incomplete in certain material respects. Plaintiff attests that he is self-employed as the owner of two limousines worth over $17,000 that he drives both for himself and for other limousine companies; he has failed, however, to state the amount received from this source of income in the past twelve months. Plaintiff has failed as well to indicate how much he contributes toward the support of

---

**3.** We assume at this juncture that all issues relating to service of process are behind us and that defendant will file an answer to plaintiff's

complaint within 20 days of the date of this order.

his four children. Until he files an *in forma pauperis* affidavit that is fully responsive to all questions contained therein, this court will not be able to rule on his motion.

### CONCLUSION

Defendant's motion for reconsideration or, in the alternative, an evidentiary hearing is denied. Plaintiff's motion for appointment of counsel is continued generally. Defendant is directed to file an answer to plaintiff's complaint within 20 days of the date of this order.