Matthew JACOBS, Plaintiff,

v.

UNIVERSITY OF CINCINNATI,
et al., Defendants.

No. C–1–98–820.

United States District Court,
S.D. Ohio,
Western Division.

Nov. 29, 1999.

Matthew Jacobs, Cincinnati, OH, Pro se.

Gregory Parker Rogers, Taft, Stettinius & Hollister, Kerry Philip Hastings, Taft Stettinius & Hollister, Cincinnati, OH, for defendants.

### ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 10), to which neither Plaintiff nor Defendant objected.

### BACKGROUND

*Pro se* Plaintiff Matthew Jacobs filed a Complaint on October 29, 1998 (doc. 1). Plaintiff subsequently amended his Complaint on February 26, 1999 and attached to the Amended Complaint an affidavit signed by Lawrence Bryant (doc. 2). The affidavit stated that Mr. Bryant personally served a copy of the Amended Complaint on all of the named defendants (*Id.*, Nonetheless, Defendants filed a motion to dismiss Plaintiff's Amended Complaint on the grounds that they were never served with a summons as required by Rule 4 of the Fed.R.Civ.P.) (doc. 3).

On April 28, 1999, the Magistrate Judge issued a Report and Recommendation directing Plaintiff to cure any defects in the service of process within twenty (20) days, and the Magistrate Judge further recommended that Defendant's motion be denied without prejudice subject to renewal (doc. 4). According to the Magistrate Judge's order, Plaintiff was required to perfect service of process on all Defendants by May 18, 1999 (*Id.*).

This Court adopted the Magistrate's recommendations and Defendant's motion to dismiss was denied without prejudice on June 17, 1999 (doc. 9). However, Defendants were not served until June of 1999 (docs. 7 & 8). Defendants have since renewed their motion to dismiss for lack of service, arguing that plaintiff failed to comply with the Magistrate Judge's order directing service to be perfected within twenty (20) days from the date of that order (doc. 5).

This matter is now before the Court on the Magistrate Judge's September 3, 1999 Report and Recommendation (doc. 10) advising that Defendants' Renewed Motion to Dismiss for Insufficiency of Process and Service (doc. 5) should also be denied. Furthermore, the Magistrate Judge expressly noted in his September, 1999 order that "[P]laintiff is advised that any future dilatory tactics to comply with [the Magistrate's] orders may result in the imposition of sanctions, up to and including dismissal of the action, as warranted" (doc. 10).

Proper notice was given to the Parties under 28 U.S.C. § 636(b)(1)(C), including the notice that the Parties would waive further appeal if they failed to file objections to the Magistrate Judge's Report and Recommendation in a timely manner. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir.1981). Neither Plaintiff nor Defendants filed an objection to the Magistrate Judge's Report and Recommendation.

### DISCUSSION

Pursuant to Rule 4, "[a] summons shall be served together with a copy of the complaint." Fed.R.Civ.P. 4(c). Furthermore, a plaintiff is responsible for effectuating the service of summons within 120 days after the filing of the complaint and a plaintiff must furnish the person effecting service with the necessary copies of the summons and complaint. *See* Fed.R.Civ.P. 4(c) & 4(m). A defendant may waive service of summons. Fed.R.Civ.P. 4(d). However, if the defendant does not waive service and

> the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon

motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Plaintiff bears the burden of exercising due diligence in perfecting service of process and showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir.1994). Although courts generally construe the Federal Rules of Civil Procedure rigidly in order to ensure an efficient judicial process,[1] we recognize that the requirements of Rule 4 should be construed liberally when the defendant is not prejudiced. *See Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir.1987). Furthermore, a *pro se* plaintiff is entitled to some degree of leniency in the application of Rule 4's "to ensure that his case is justly resolved on the merits rather than on the basis of procedural technicalities to the extent possible." *Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D.Ill. 1991).

Therefore, we agree with the Magistrate's Judge's conclusion in this case that "[D]efendants have failed to demonstrate that they are prejudiced by the additional three week delay in the service of process" (doc. 10). *See Gottfried*, 818 F.2d at 493 (finding that the requirements of Rule 4 should be liberally construed where defendant is not prejudiced).

Having reviewed this matter *de novo*, pursuant to Title 28 U.S.C. § 636, we find the Magistrate Judge's Report and Recommendation (doc. 10) to be correct. Accordingly, we ADOPT the Magistrate Judge's Report, AFFIRM the Magistrate Judge's recommended decision, and DENY Defendant's Renewed Motion to Dismiss (doc. 5).

SO ORDERED.

---

1. *See* Fed.R.Civ.P. 1 (indicating that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action").