**Virgin Lady VICET, Plaintiff,**

v.

**IMMIGRATION & NAT. SERVICE (Director), Defendant.**

**Civ. A. No. 90–1125.**

United States District Court, W.D. Pennsylvania.

Oct. 3, 1990.

---

Virgin Lady Vicet, Waynesburg, Pa., pro se.

## MEMORANDUM OPINION

LEE, District Judge.

Plaintiff appeals from the order of the Magistrate's Memorandum and Order dated August 21, 1990 denying plaintiff's request for appointment of counsel. The magistrate did not believe that there were any special circumstances necessary to invoke the court's discretion, nor did it appear that the appointment of counsel would materially aid the overall interests of the parties or the court in reaching a proper adjudication of the claim.

■ A magistrate's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law.[1] *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). Under *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), a finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

■ The Magistrate has reviewed the record and concluded that appointment of counsel will not aid in the proper adjudication of the claim. This Court is unable to find with a "definite and firm conviction" that the Magistrate has erred.

■ A magistrate's order may also be reversed if it is found that his determination was contrary to law. District Courts have the discretionary power to appoint counsel for a person unable to pay for a private attorney in both criminal and civil cases. See 28 U.S.C. § 1915(d). The court of appeals in *Ray v. Robinson*, 640 F.2d 474, 477–478 (3d Cir.1981) stated that "[a]ppellate courts construing this section have consistently held that it gives the district court discretion to appoint counsel in an *in forma pauperis* civil proceeding."

A general standard by which this matter could be determined, however, was not established by the court in *Ray*. The court clarified the issue further in *Smith–Bey v. Petsock*, 741 F.2d 22 (3d Cir.1984):

"[T]he appointment of counsel for an indigent plaintiff in a civil case under 28

---

1. Also see Rule 3 of the Local Rules for Magistrates for the United States District Court for the Western District of Pennsylvania.

U.S.C. § 1915(d) is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."

*Id.* at 26.

In order to apply this standard, the district court, or magistrate as in the instant case, would have to consider the merits of plaintiff's claim to determine whether he or she "was likely to be prejudiced by the refusal of counsel." *Id.* at 24.

■ After a review of the record in the instant case, we find that the plaintiff's claim does not rise to the level of complexity necessary for the appointment of counsel. As such, plaintiff is not likely to be prejudiced by the refusal of counsel.

■ Though the issue on the permissibility of a non-lawyer representing the plaintiff was not properly before the magistrate, we will address such. Plaintiff may be represented only by an attorney admitted to practice law before the United States District Court for the Western District of Pennsylvania. Plaintiff may proceed *pro se*, which means she can represent herslf. Should the plaintiff be accompanied by a non-lawyer, such non-lawyer may lend her support but will not be permitted to participate in the proceedings.

The order of the Magistrate is therefore affirmed.

### ORDER OF COURT

AND NOW, to wit, this 3rd day of October, 1990, after consideration of plaintiff's Appeal from Order of United States Magistrate, it is hereby

ORDERED that the plaintiff's appeal is denied and the Order of United States Magistrate is affirmed.