**UNITED STATES of America,**

v.

**James A. LATIMER, Appellant.**

No. 01–3238.

United States Court of Appeals,
Third Circuit.

Argued Nov. 14, 2002.

Decided Dec. 18, 2002.

Pamela Lynn Colon, Christiansted, St. Croix, V.I., for Appellant.

Carl F. Morey, Assistant U.S. Attorney, Christiansted, St. Croix, V.I., for Appellee.

Before SCIRICA, ALITO, and RENDELL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Because we write for the parties only, the background of the case need not be set out. We reject the defendant's arguments that: (1) the evidence was insufficient to establish guilt, (2) the jury instructions were deficient and abridged his right to a fair trial, (3) the District Court erred by failing to rule on and grant the defendant's motion under 18 U.S.C. § 3006A for funds to hire a medical expert, (4) a comment and question by the District Court denied the defendant due process, (5) the District Court improperly denied the defendant's motion for new trial based on newly-discovered evidence, and (5) the defendant's counsel was constitutionally ineffective. We agree, however, that the District Court plainly erred in calculating the amount of loss for purposes of sentencing and imposing restitution. Therefore, we remand for resentencing and a new determination of the amount of restitution.

In order to convict, the jury was required to find beyond a reasonable doubt that the defendant: (1) concealed or covered up (2) a material fact, (3) that this act

was taken in connection with an application for or receipt of compensation or other benefit or payment under the Federal Employment Compensation Act, and (4) that this act was done knowingly and willfully. 18 U.S.C. § 1920. The defendant alleges that the evidence was insufficient on two grounds, arguing that: (1) the government failed to prove the Indictment's factual predicate-that the defendant was not disabled and was able to work and (2) the government failed to prove that the defendant acted knowingly and willfully. Contrary to the defendant's assertions, however, the government presented substantial evidence sufficient to justify a reasonable jury's finding that each of the essential elements of the crime was satisfied. Therefore, we affirm the District Court's denial of the defendant's motion for acquittal. *See United States v. Salmon,* 944 F.2d 1106, 1113 (3d Cir.1991).

We also reject the defendant's various allegations of error regarding the jury instructions. As the defendant did not object to the jury instructions at trial, we review the instructions for plain error, *see United States v. Antico,* 275 F.3d 245, 265 (3d Cir.2001), and find none here. First, considering the instructions as a whole and giving the "words their common and ordinary meaning," *Victor v. Nebraska,* 511 U.S. 1, 29, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (citing *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)), we hold that the District Court provided the jury with a correct statement as to the burden of proof. Second, we find that the District Court did not constructively amend the indictment in violation of the defendant's Fifth Amendment right to due process by either (1) transforming the indictment from one that does not state an offense to one that does or (2) altering the indictment in such a way that it "tends to increase the defendant's burden at trial." *United States v. Milestone,* 626 F.2d 264,

269 (3d Cir.1980). Where, as here, "a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdict stands if the evidence is sufficient with respect to any of the acts charged." *Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970). Third, we find that the District Court did not commit plain error by not including a definition of the term "disabled" in the instructions. Where the jury was simply required to determine whether the defendant was "able to work" and not whether he was "disabled," inclusion of such a definition was not necessary.

■ We also refrain from finding plain error and deny the defendant's request for a new trial based on the District Court's apparent failure to rule on the defendant's ex parte motion for funds to hire a medical expert. *See* 18 U.S.C. § 3006A. We cannot say that the District Court plainly erred by failing to hold the statutorily required ex parte proceeding to determine the defendant's eligibility for such funds where, as here, the defendant's trial counsel did not object to, or in any way call attention to the fact that, the motion apparently had been forgotten.

The defendant cites *Ray v. Robinson,* 640 F.2d 474 (3d Cir.1981), for the proposition that the District Court's failure to exercise its discretion to authorize payment of fees for the defendant's requested expert necessarily constitutes an abuse of discretion. *Ray* is distinguishable, however, as the District Court in that case consciously refused to conduct an ex parte inquiry based on the erroneous belief that it did not have discretion to appoint counsel in a civil matter. *Id.* at 478. There is no indication that the District Court in the case now before this court made any determination as to its ability to grant the funds necessary to retain the requested expert.

The government refers to a case decided by the Seventh Circuit, *United States v. Taglia,* 922 F.2d 413 (7th Cir.1991), in which a motion for severance was inadvertently ignored by the District Court and, in spite of this error, was not renewed by counsel. The Seventh Circuit in that case chided the defendant, stating that

> Apparently the motion to sever was lost in the shuffle before trial. Those things happen. If a motion is not acted upon, a litigant had better renew it. He may not lull the judge into thinking that it has been abandoned and then, after he has lost, pull a rabbit out of his pocket in the form of a forgotten motion.

*Id.* (citations omitted).

We are confronted with a neglected motion of a different sort than that in *Taglia,* but the underlying principles of litigation remain the same. We decline to exercise our discretion to correct an error here where defendant's counsel did not at any time notify the District Court of its error. Under the circumstances, the error cannot be said to have "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Turcks,* 41 F.3d 893, 897 (3d Cir.1994) (quoting *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

We also decline to reverse the conviction on the basis of the allegedly prejudicial statement and question posed by the trial court. As the defendant did not object to the Court's question or exclamation at trial, we may reverse only upon a finding of plain error. Plain error is present only where the action of the District Court affected substantial rights and had an unfair impact on jury deliberations. *United States v. Pervez,* 871 F.2d 310, 315 (3d Cir.1989). We must determine whether the District Court's conduct was "so prejudicial as to deprive defendant ... of a fair,

as opposed to perfect, trial." *United States v. Beaty,* 722 F.2d 1090, 1093 (3d Cir.1983).

As the District Court's comment and exclamation do not appear to have been intended as an evaluative comment on the quality or persuasiveness of the government's evidence in proving guilt or innocence-and the jury almost certainly could not have viewed the comment as such-we deny the defendant's request for reversal on this ground. The comment and exclamation themselves cannot be said to have been "so prejudicial as to deprive the defendant ... of a fair trial," *Beaty,* 722 F.2d at 1093, and the District Court ameliorated any potential prejudicial effect by instructing the jury that any comments or actions of the court were not intended to be an expression of the court's favor of either the government or the defendant. *See* App. at 217, 676-77. Members of the jury—who had sat through more than two hours of video tape along with the judge—were certain to have understood that the court was attempting with its question to shorten the video presentation to include only essential evidence. The jury also certainly would have understood that the Court's later exclamation was nothing more than a simple expression of relief at the end of the lengthy presentation rather than some sort of evaluative comment about the quality of the evidence presented. In sum, we determine that the District Court's question and exclamation in this case did not deprive the defendant of a fair trial and were not sufficiently prejudicial to merit reversal.

We also reject the defendant's argument that the District Court abused its discretion by denying his motion for new trial based on allegedly newly discovered evidence. A District Court is to grant new trial on this basis only where: (1) evidence is in fact newly discovered; (2) facts have been alleged from which the court may

infer diligence on the part of the movant to discover those facts; (3) evidence relied on must not be merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence is such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal. *See United States v. Saada*, 212 F.3d 210, 216 (3d Cir.2000). In this instance, denial of the motion for new trial was proper as the foregoing requirements were not met.

We decline to consider the defendant's claim that he was denied ineffective assistance of counsel. We generally do not review claims of ineffective assistance of counsel on direct appeal; these claims are generally reserved for review in collateral proceedings pursuant to 28 U.S.C. § 2255, in which the record for the claims may be properly developed. *United States v. Jake*, 281 F.3d 123, 132 n. 7 (3d Cir.2002). While there is a narrow exception to this general rule where the record on direct appeal sufficiently establishes the basis for review of such claims, making an evidentiary hearing unnecessary, *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991), acting under this exception would not be proper here. The instances of alleged ineffectiveness would be more properly evaluated on collateral review should the defendant choose to pursue such a course.

While we rule against the defendant on the above claims, we conclude that the District Court plainly erred in calculating loss for purposes of sentencing and imposing restitution. The District Court had authority to order restitution in this case pursuant to 18 U.S.C. § 3664(a). A District Court imposing an order of restitution under this provision must exercise its discretion in light of: (1) the loss to the victim (the government in this instance), (2) the amount of restitution owed pursu-

ant to a plea agreement, and (3) information relating to the economic circumstances of each defendant. 18 U.S.C. § 3664(a). The government, which bore the burden of proof on the issue of loss, concedes that the District Court, relying on the Pre–Sentencing Report, erred in calculating loss for purposes of determining restitution by including loss outside the offense of conviction. *See Hughey v. United States*, 495 U.S. 411, 413, 110 S.Ct. 1979, 1981, 109 L.Ed.2d 408 (1990); *see also, United States v. Silkowski*, 32 F.3d 682, 689 (2d Cir.1994) (stating that "[i]f the district court based its determination of loss on conduct outside the offense of conviction, no matter how 'relevant' that conduct might have been in a Guidelines sentencing context, the restitution order would run afoul of *Hughey*").

■ In a prior case, we held that where the defendant failed to contest the underlying factors used by the District Court in imposing the order of restitution, the defendant waived his right to contest that order. *United States v. Cannistraro*, 871 F.2d 1210, 1214 (3d Cir.1989). However, *Cannistraro* is distinguishable in that the defendant in that case was objecting for the first time on appeal to the specific amount of loss related to each count of conviction, not to the inclusion of loss outside the offense of conviction. In addition, counsel for the defendant in that case made specific concessions and admissions to the court relevant to its determination of a restitution amount prior to the court's final determination on the matter. Finally, subsequent to this Court's decision in *Cannistraro*, the Supreme Court clarified in *Hughey v. United States* that calculations of loss for restitution purposes may not include loss outside the offense of conviction. *See* 495 U.S. 411, 413, 110 S.Ct. 1979, 1981, 109 L.Ed.2d 408 (1990). Considering the mandate of *Hughey* and the

distinguishable fact situation at issue in *Cannistraro,* we find plain error here and remand for correction of the error, which nearly doubled the amount of restitution owed and seriously affected the fairness and integrity of the proceedings.

The defendant also alleges for the first time on appeal that the District Court failed to consider his ability to pay. We find, however, no plain error here justifying reversal and remand on that ground. *United States v. Coates,* 178 F.3d 681 (3d Cir.1999). The District Court appears to have considered the defendant's financial capabilities, and the defendant, who bore the burden of proof on this issue, did not object to the order before the trial court or produce any particular evidence of inability to pay.

We do find plain error in the District Court's calculation of loss for purposes of sentencing, however, and reverse and remand for resentencing. Pursuant to U.S.S.G. § 3D1.2(d), where the offense level is determined largely on the basis of the total amount of loss, these counts are grouped together. The defendant's conduct is also such that it triggers the consideration of "relevant" conduct under U.S.S.G. 1B1.3(a)(2). *See also, United States v. Kappes,* 936 F.2d 227, 230 (6th Cir.1991) (stating that U.S.S.G. 1B1.3(a)(2) is applicable to offenses involving fraud and property crimes because "determination of which conduct is relevant under the Guidelines is simplified [where] the base offense level turns on quantity"). Section 1B1.3 of the sentencing guidelines, applicable to counts grouped under U.S.S.G. § 3D1.2(d), states that "the base offense level .... shall be determined on the basis of ... all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see also United States v. Kappes,* 936 F.2d

227, 230 (6th Cir.1991); *United States v. Silkowski,* 32 F.3d 682 (2d Cir.1994). U.S.S.G. § 2F1.1(a) calls for a base offense level of six for the counts on which the defendant has been convicted here. Under U.S.S.G. § 2F1.1(b)(1) the offense level is increased by six, however, as the District Court calculated an amount of loss exceeding $70,000 in this instance. Consequently, if loss resulting from conduct outside the conviction were not included in the present case, the resulting amount of loss would have been less than $70,000 but in excess of $40,000, justifying an increase of only five offense levels. *Id.*

While the District Court must specifically limit its calculation of loss to the specific dates included in the criminal conviction for purposes of calculating restitution, it is not so limited for purposes of applying the sentencing guidelines. *United States v. Silkowski,* 32 F.3d 682, 687 (2d Cir.1994). Counsel for the defendant persuasively argues on appeal, however, that no evidence whatsoever was adduced by the government to prove to any degree of certainty that the defendant's conduct prior to July 7, 1997, was illegal or wrongful in any way. Consequently, the defendant's actions before July 7, 1997, cannot be said to have been "part of the same course of conduct" for which the defendant was convicted. We find plain error here affecting the defendant's substantial right to be punished only for wrongful conduct. Therefore, we remand for recalculation of loss for purposes of sentencing where the government did not point to, and the District Court did not make findings with regard to, any relevant conduct that would justify inclusion of benefits outside the scope of the conviction.

We have considered all of the defendant's arguments and reverse and remand only for recalculation of loss for purposes of sentencing and allocation of restitution.

We affirm the judgment of the District Court in all other respects.