

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2003

# Maye-El v. USA

Precedential or Non-Precedential: Non-Precedential

Docket 00-3541

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Maye-El v. USA" (2003). *2003 Decisions.* Paper 753.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/753

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 00-3541

———————

DANA S. MAYE-EL,

Appellant

v.

USA

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

(Dist. Court No. 00-CV-1051)
District Court Judge: Joseph E. Irenas

———————

Argued on February 11, 2003

Before: ALITO and McKEE, <u>Circuit Judges</u>, and SCHWARZER, <u>Senior District Judge</u>[*]

(Opinion Filed: March 10, 2003)

Judith E. Harris
Jeremy P. Blumenfeld (argued)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

[*]The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

*Attorneys for Plaintiff-Appellant*

Christopher J. Christie
United States Attorney
Louis J. Bizzarri (argued)
Assistant U.S. Attorney
U.S. Attorney's Office
401 Market Street, 4th Floor
Camden, New Jersey 08101

*Attorneys for Defendant-Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

Plaintiff, Dana S. Maye-El, filed suit against the United States under the Federal Torts Claims Act (FTCA), 28 U.S.C. §2674 et seq. The plaintiff filed a motion to compel discovery as well as multiple motions for appointment of counsel. The District Court granted the defendant's motion for summary judgment, holding that the plaintiff's New Jersey and Missouri claims were precluded because he failed to submit the prerequisite affidavit of merit, or suitable substitute, as required under the laws of those states. See N.J.S.A. §2A:53A-27 (affidavit of merit); N.J.S.A. §2A:53A-28 (alternate sworn statement); MO. REV. STAT. §538.225. In addition, the District Court granted summary judgment *sua sponte* as to claims based on alleged acts occurring in Pennsylvania, holding that the plaintiff had failed to exhaust available administrative remedies as to those claims. Upon dismissing all of the plaintiff's claims, the District Court denied as "moot" the plaintiff's

motion for the appointment of counsel and his motion to compel discovery.

The plaintiff appeals to this Court on several grounds, claiming that the District Court erred by: (1) failing to exercise its discretion by denying the plaintiff's repeated requests for appointed counsel without considering the merits of his request, (2) applying the New Jersey and Missouri affidavit of merit statutes in spite of an alleged impermissible conflict with the Federal Rules of Civil Procedure, (3) failing to find that the plaintiff had substantially complied with the New Jersey affidavit of merit statute where he had allegedly satisfied the alternative requirements of N.J.S.A. §2A:53A-28, which relieves a plaintiff of the obligation to submit an affidavit, (4) dismissing the New Jersey claim with prejudice because the plaintiff allegedly demonstrated extraordinary circumstances for failure to comply, (5) dismissing the plaintiff's Missouri claim because the Court should have found "good cause" to extend the deadline for filing the affidavit, and (6) dismissing the Pennsylvania Claim for failure to exhaust available administrative remedies in spite of the defendants' concession of exhaustion. As we will remand to allow the District Court to engage in a necessary choice of law analysis, we need not address the arguments numbered two through five above.

During argument before this Court, counsel for the defendants conceded that the District Court had erred in several regards. First, defendants' counsel conceded that, in spite of the District Court's sua sponte determination to the contrary, the plaintiff has exhausted his administrative remedies as to each of his claims, including claims arising out of negligent acts occurring in Pennsylvania. Second, the defendant's counsel conceded that

-3-

a District Court considering a Federal Torts Claims Act claim involving alleged acts or omissions in multiple states must undertake an initial choice of law analysis to decide jurisdictional questions and that the District Court in this case failed to engage in any such analysis. See Gould Electronics, Inc. v. United States, 220 F.3d 169 (3d Cir. 2000). Third, counsel for the defendants conceded that the District Court did not properly exercise its discretion when the Court dismissed the plaintiff's motion for appointment of counsel as moot without considering the merits of the motion.

As the defendants stated in their brief, "[w]hen a case involves multiple alleged acts or omissions occurring in more than one state, the Federal Torts Claims Act, 28 U.S.C. §§1346(b), 2671 et seq. requires a [D]istrict [C]ourt to engage in a complex conflict of law analysis to determine which state law governs the jurisdictional claims." Appellee's Br. at 17 (citing Gould v. Electronics, Inc. V. United States, 220 F.3d 169, 180 (3d Cir. 2000); See also Richards v. United States, 369 U.S. 1 (1962). In the instant case, the plaintiff has alleged negligent acts or omissions occurring in Missouri, New Jersey, and Pennsylvania. While this Court need not review a District Court's failure to engage in a choice of law analysis where the legal mistake did not affect the challenged decision, Lincoln v. Board of Regents, 697 F.2d 928, 939 (11th Cir. 1983), counsel for the defendants conceded in oral argument, and we agree, that the relevant state affidavit of merit, or equivalent, statutes at issue in this case (New Jersey, Missouri, and Pennsylvania) are sufficiently distinct that they

may produce differing results when applied to the facts of this case.[1]

Considering the foregoing, we reverse the District Court's order granting summary judgment and dismissal of the New Jersey, Missouri and Pennsylvania claims. We remand so that the District Court can engage in a complete conflict of law analysis, in accordance with Gould, 220 F.3d at 180, and can apply the appropriate state's affidavit of merit, or equivalent, statute to the claims at issue.

We also reverse the District Court's order dismissing the plaintiff's motion for production of documents, pursuant to Fed. R. Civ. P. 37, and for appointment of counsel, pursuant to 28 U.S.C. §1915(e). Counsel for the defendants conceded at oral argument that, while appointment of counsel is discretionary under the FTCA, the District Court failed to

---

[1] The state statutes at issue differ significantly. The New Jersey statute generally requires the filing of an affidavit within 60 days of the defendant's answer to the complaint. N.J. Stat. Ann. §2A:53 A-27. The sanction under New Jersey law for failure to submit such an affidavit is generally dismissal with prejudice, as the New Jersey Supreme Court has deemed such noncompliance a failure to state a cause of action. N.J.S.A. §2A:53A-27; Cornblatt v. Barrow, 708 A.2d 401, 413 (N.J. 1998). The Missouri statute requires the filing of an affidavit within 90 day of the filing of the complaint. Mo. Ann. St. §538.225. The sanction under Missouri law for failure to submit such affidavit is generally dismissal without prejudice. Id. The Pennsylvania statute requires the submission of an expert report within 60 days of the completion of discovery, Pa. Stat. Ann. tit. 40, §1301.823(a), which, incidentally, was not completed in the instant case. The sanction under Pennsylvania law for failing to submit an expert report is not dismissal of the action but, rather, exclusion of the expert's testimony, see Pa. Stat. Ann. tit. 40, §§1301.823(a) and 1301.821(a), a sanction which is excusable for "good cause," id. More importantly, on January 17, 1997, prior to the time of the plaintiff's filing of claims, the Pennsylvania Supreme Court had suspended the enforcement of Pa. Stat. Ann. tit. 40, §§1301.823(a) and 1301.821(a), along with various other provisions of the Health Care Services Malpractice Act. See Order of January 17, 1997, Suspension of Certain Provisions of Act No. 1975-11 added by Act No. 1996-135; No. 269; Doc. No. 5.

exercise its discretion when it dismissed the motion on the ground of mootness. See Ray v. Robinson, 640 F.2d 474, 478 (3d Cir. 1981) (stating that "[i]f a [D]istrict [C]ourt fails to exercise its discretion to appoint counsel, that is itself an abuse of discretion"). We thus remand so that the District Court can evaluate the merits of the plaintiff's request for appointment of counsel in this case. By so remanding, we do not express an opinion as to the appropriateness of appointing counsel in this case.