

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2004

# USA v. Latimer

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2724

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Latimer" (2004). *2004 Decisions.* Paper 596.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/596

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2724

UNITED STATES OF AMERICA

v.

JAMES ALBERT LATIMER

Appellant

Appeal from the District Court of the Virgin Islands
Division of St. Croix
(D.C. Criminal Action No. 98-cr-0000038-1)
District Judge: Honorable Raymond L. Finch

Argued May 7, 2004

Before: BARRY, AMBRO, and SMITH, Circuit Judges

(Opinion filed   June 15, 2004 )

Pamela L. Colon, Esquire (Argued)
36C Strand Street
Christiansted, St. Croix
USVI,  00820

    *Attorney for Appellant*

David M. Nissman
   United States Attorney
Carl F. Morey
   Assistant U.S. Attorney
Bruce Z. Marshack, Esquire (Argued)
Office of the United States Attorney
1108 King Street, Suite 201

Christiansted, St. Croix
USVI, 00820

*Attorneys for Appellee*

---

OPINION

---

AMBRO, Circuit Judge:

James Albert Latimer appeals the decision of the District Court of the Virgin Islands ordering him to pay almost $59,000 in restitution. We affirm the order of restitution and remand for the sole purpose of establishing a payment schedule.

I.

Latimer was convicted of three violations of 18 U.S.C. § 1920 ("False statement or fraud to obtain Federal employee's compensation"). The District Court sentenced Latimer to fifteen months imprisonment for each of his three violations, to be served concurrently, and two years of supervised release. The District Court also imposed a $300 assessment and ordered restitution in the amount of $81,897.94.

Latimer subsequently filed his first appeal in this case, challenging his sentence and order of restitution. An earlier panel of our Court affirmed on all issues save one – it remanded for recalculating the restitution amount. See United States v. Latimer, No. 01-3238, 54 Fed. Appx. 105, 109-110 (3d Cir. Dec. 18, 2002). On remand, the District Court ordered Latimer to pay $58,935.75 in restitution to the Office of Workers Compensation. The District Court, however, failed to establish a regular schedule for restitution

2

payments.

Latimer is now before us a second time, again arguing the District Court erred in ordering restitution because he lacks the ability to pay. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over whether the restitution order is permissible and review the monetary amount of a particular award for clear error. United States v. Jacobs, 167 F.3d 792, 795 (3d Cir. 1999) (citations omitted).

## II.

Enacted in 1996, the Mandatory Victims Restitution Act ("MVRA") substantially amended the restitution provisions in the Victims Witness Protection Act ("VWPA"), 18 U.S.C. § 3663 *et seq.* Courts previously had discretion in ordering restitution. United States v. Coates, 178 F.3d 681, 683 n.3 (3d Cir. 1999). But the "MVRA makes restitution mandatory for certain crimes . . . and requires district courts to order the payment of restitution in the full amount of the victim's losses 'without consideration of the economic circumstances of the defendant.'" Id. at 683 (quoting 18 U.S.C. § 3664(f)(1)(A)).

In fact, 18 U.S.C. § 3663A is entitled "Mandatory restitution to victims of certain crimes." Section 3663A(a)(1) states that a court "shall order" restitution if the defendant is convicted of an offense "described in subsection (c)." This subsection includes "any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A). By its very nature, Latimer's conviction under 18 U.S.C. § 1920 ("False statement or fraud to obtain Federal employee's compensation") is an offense committed by fraud or deceit. Accordingly,

3

Latimer's arguments that the District Court somehow lacked authority to order, or abused its discretion in ordering, restitution fail.[1]

Our review, however, is not complete. The District Court failed to schedule any restitution payments. Although somewhat unclear, it appears this decision was due to uncertainty over whether Latimer had sufficient funds to make restitution payments. See JA at 58 ("I will leave the government to collect the best it can. I will not schedule any payments, because I'm not convinced that the money is there as has been represented [by the Government] without some further proof.").

The District Court's approach fell short of what the MVRA requires. It provides that the "court *shall* . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2) (emphasis added). Upon considering a defendant's financial resources, projected earnings and financial obligations, 18 U.S.C. §§ 3664(f)(2)(A)-(C), a sentencing court has two options. If the defendant is capable of making payments, it has considerable flexibility in structuring the manner in which that is done. See 18 U.S.C. § 3664(f)(3)(A). Second, if a defendant is deemed unable to pay the "full amount of a restitution order in the foreseeable future under any reasonable schedule of payments," then the sentencing court may direct him to make nominal periodic payments. 18 U.S.C. § 3664(f)(3)(B). The District Court, however, may not delegate the matter. See Coates, 178 F.3d at 684

---

[1] Latimer's reliance on United States v. Copple, 74 F.3d 479 (3d Cir. 1996), is misplaced. This case was published prior to the effective date of the MVRA.

4

("Since the MVRA mandates that district courts schedule restitution payments after taking into account the defendant's financial resources, the District Court's failure to do so here constitutes plain error.")  On remand, the parties should present appropriate evidence, and the District Court should make the necessary findings and establish a restitution schedule in accordance with § 3664(f).

* * * * *

In this context, we affirm the decision of the District Court ordering Latimer to pay restitution.  We remand to the District Court for the sole purpose of establishing a restitution schedule.